IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REUBEN DRAKE                            *

v.                                      *

                                        Civil No. CCB-19-2134
SYNCHRONY BANK                          *
                              ************

## MEMORANDUM

Pro se plaintiff Reuben Drake has filed a complaint against Synchrony Bank alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (TCPA) and the Maryland Telephone Consumer Protection Act, Md. Code Ann., Com. Law § 14-3201, *et seq.* (MTCPA) and a state common-law claim for invasion of privacy. The Bank has filed a motion to dismiss, which has been fully briefed.

An essential element of a TCPA and an MTCPA claim is that the defendant has used an automatic telephone dialing system ("ATDS"). *Sprye v. Ace Motor Acceptance Corp.*, 2017 WL 1684619, at *4 (D. Md. 2019). Under 47 U.S.C. § 227(a)(1) an ATDS is defined as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator." *See Snow v. General Electric Co.*, 2019 WL 2500407, at *5 (E.D.N.C. 2019).

Drake alleges the use of an ATDS (Cplt ¶ 13) but proffers no factual allegations that plausibly support such a claim. Further, while Drake seeks leave to amend, nothing in the proffered affidavit indicates that he could plausibly allege that a "random or sequential number generator" was involved.[1] On the other hand, the calls may well be computerized, pre-recorded, and dialed repeatedly based on stored telephone numbers.

This case appears to hinge on the definition of an ATDS, as discussed at length in *Snow*. *Snow* is currently on appeal to the Fourth Circuit. *Snow*, 2019 WL 2500407, *appeal docketed*, No. 19-1724 (July

---

[1] Rather it appears the Bank may have been trying to reach an account holder by the name of Amanda Socks. (Cplt ¶ 15)

11, 2019). Because the appeal in *Snow* may result in definitive guidance from the Fourth Circuit, the court intends to stay ruling on the motion to dismiss pending the ruling in *Snow*. A separate Order follows.

__10/17/19__
Date

__CCB__
Catherine C. Blake
United States District Judge