**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

REUBEN DRAKE,                              *

          Plaintiff,                    *

      v.                                   *        Civil Action No. 1:19-cv-02134-CCB

SYNCHRONY BANK,                       *

          Defendant.                   *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## SYNCHRONY BANK'S RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION TO REOPEN

      Defendant Synchrony Bank ("Synchrony") hereby respectfully submits its Response and Objection to Reuben Drake's ("Plaintiff") Motion to Reopen, filed on January 21, 2022 (ECF no. 25, the "Motion").

## I.        INTRODUCTION

      Plaintiff seeks to reopen a case involving two claims that have been foreclosed by recent U.S. Supreme Court precedent and one state-law claim premised entirely upon an exercise of supplemental jurisdiction. On July 19, 2019, Plaintiff filed an action in this Court stemming from a series of phone calls Synchrony allegedly made to his cell phone. As a result of these calls, Plaintiff brought claims for violation of the Telephone Consumer Protection Act and the Maryland Telephone Consumer Protection Act, as well as a claim for the Maryland common law tort of invasion of privacy. This Court stayed this matter in light of a pending U.S. Supreme Court case considering the definition of an Automatic Telephone Dialing System pursuant to the Telephone Consumer Protection Act. In April 2021, the U.S. Supreme Court issued its opinion which definitively forecloses Plaintiff's ability to prevail on either of his telephone consumer claims. In

light of the foreclosure of his first two claims, Synchrony submits that this Court is an inappropriate

forum for adjudication of Plaintiff's single remaining state-law claim. Accordingly, Synchrony

respectfully requests that this Court deny Plaintiff's Motion to Reopen.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On July 19, 2019, Plaintiff filed a Complaint asserting claims for violation of the Telephone

Consumer Protection Act ("TCPA"), the Maryland Telephone Consumer Protection Act

("MTCPA"), and the Maryland common-law tort of invasion of privacy. ECF no. 1, ¶¶ 18-36.

Thereafter, Synchrony filed a Motion to Dismiss, arguing both that Plaintiff's TCPA claims failed

to establish the use of an ATDS and that the Court should decline to exercise supplemental

jurisdiction over Plaintiff's state-law claims. (ECF no. 10). The Court subsequently issued a

Memorandum and Order staying the case pending a relevant Fourth Circuit appeal.[1] (ECF nos. 14

& 15). At approximately the same time, Plaintiff filed a Motion requesting leave to amend his

Complaint. (ECF no. 16). After the Fourth Circuit case was dismissed, this Court issued an Order

denying Synchrony's Motion to Dismiss without prejudice, in light of Plaintiff's Motion. (ECF

no. 18). Synchrony filed an opposition to Plaintiff's Motion. (ECF no. 19). Thereafter, the United

States Supreme Court granted a petition for certiorari in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163

(2021), to resolve a circuit split regarding the definition of an Automatic Telephone Dialing

System ("ATDS"). In light of the relevancy of this decision, Synchrony filed a Motion to Stay.

(ECF no. 21). On September 3, 2020, the Court denied Plaintiff's Motion to Amend without

prejudice and granted Synchrony's Motion to Stay, instructing the parties to file a Joint Status

---

[1] *Snow v. Gen. Elec. Co.*, No. 5:18-CV-511-FL, 2019 WL 2500407 (E.D.N.C. June 14, 2019), *appeal dismissed,* No. 19-1724, 2019 WL 7500455 (4th Cir. Dec. 30, 2019). Although dismissed before the court could rule, the appeal in *Snow* was taken on the issue of whether the Fourth Circuit would follow the narrower interpretation of an ATDS requiring a random or sequential number generator or the more broad interpretation generally encompassing calls made by automated means.

Report after the case was decided. (ECF no. 22). On April 6, 2021, the parties filed their Joint Status Report informing the Court that the *Facebook* opinion had issued. (ECF no. 23). On January 21, 2022, Plaintiff filed the present Motion to Reopen. (ECF no. 25).

## III.    LEGAL ARGUMENT

### A.    The *Facebook* Decision Forecloses Plaintiff's TCPA and MTCPA Claims

The Court's opinion in *Facebook* forecloses the need for continued litigation regarding Plaintiff's TCPA and MTCPA claims. The *Facebook* case involved a TCPA claim brought against Facebook for its use of a security feature that sends notification text messages upon login from an unknown device. *Facebook*, 141 S. Ct. at 1168. Facebook argued that these text messages were necessarily "targeted, individualized" text messages and that it had not made use of a random or sequential number generator. *Id.* The primary issue before the Court was whether the definition of an ATDS under the TCPA, set forth in 47 U.S.C. § 227(a)(1), establishes a requirement that the device use a random or sequential number generator. *Id.* at 1167. Upon analysis of principles of statutory construction, the Court held that it does: "In sum, Congress' definition of an autodialer requires that in all cases, whether storing or producing numbers to be called, the equipment in question must use a random or sequential number generator." *Id.* at 1170.

Like in Facebook, here, Plaintiff has failed to allege that Synchrony employed equipment that uses a random or sequential number generator. *Facebook*, 141 S. Ct. at 1168. Not only does Plaintiff wholly fail to aver the use of a random or sequential number generator, but his allegations specifically point to targeted communication. ECF no. 1, ¶¶ 13-15. Plaintiff asserts that Synchrony called his cell phone and asked to speak with "Amanda Socks" regarding the "Socks Account." ECF no. 1, ¶ 15. Such individualized communication negates any argument that the calls were

randomly generated.[2] Thus, Plaintiff's allegations fall outside the scope of the definition of an

ATDS, set forth in 47 U.S.C. § 227(a)(1) and confirmed by the Court in *Facebook*, foreclosing the

viability of Plaintiff's claim pursuant to the TCPA.

Further, the failure of Plaintiff's TCPA claim also necessitates the failure of his state-law

MTCPA claim. As Plaintiff has previously acknowledged, the MTCPA was established merely as

an enabling statute for the TCPA, and the legal requirements therein mirror those of a claim

pursuant to the TCPA. (ECF no. 12); *see also Sprye v. Ace Motor Acceptance Corp.*, No. CV PX

16-3064, 2017 WL 1684619, at *4 (D. Md. May 3, 2017) ("[T]he Maryland TCPA was enacted

'merely to enable a private right of action under the TCPA.' It simply declares that a person 'may

not violate . . . [t]he [TCPA].' Thus, a violation of the TCPA is also a violation of the Maryland

TCPA."). Accordingly, as Plaintiff's failure to adequately allege use of an ATDS precludes him

from recovery under the TCPA, he is equally incapable of prevailing under the MTCPA.

**B.**     **The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's Common Law Invasion of Privacy Claim**

In light of the *Facebook* decision's foreclosure of Plaintiff's TCPA and MTCPA claims,

Plaintiff's sole remaining claim would be for the Maryland common law tort of invasion of

privacy. This Court's authority to adjudicate this claim is premised entirely on supplemental

jurisdiction pursuant to 28 U.S.C. § 1367, which provides that "in any civil action of which the

district courts have original jurisdiction, the district courts shall have supplemental jurisdiction

---

[2] Generally, calls directed to a specific person or number are not indicative of an ATDS. *Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511 (D. N.J. 2014). In *Trumper*, the plaintiff alleged that the defendant-bank placed calls to her cell phone asking for another individual. *Id.* at 511. The court noted that the "[c]omplaint takes the position that the calls were placed using an [ATDS]— a random number or sequential number generator—[but] it appears that the calls were directed at" a specific person. *Id.* at 513. The allegations therefore showed that no ATDS was utilized, and the complaint was dismissed. *Id.*

over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

District courts are afforded discretion when choosing whether to exercise supplemental jurisdiction and are permitted to decline to do so where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995), the Fourth Circuit recognized that under § 1367(c)(3), "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when federal claims have been extinguished." Further, when the exercise of discretion under § 1367(c) "involves the additional question of whether to remand the case to State court, the federal court should consider 'principles of economy, convenience, fairness, and comity' and whether the efforts of a party in seeking remand amount to a 'manipulative tactic.'" *Hinson*, 239 F.3d at 617 (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)).

Here, Plaintiff's claims pursuant to the TCPA and MTCPA must necessarily be foreclosed, and his only remaining claim will be for invasion of privacy. If the Court were to exercise supplemental jurisdiction, it would be solely for the purpose of adjudicating a common-law tort claim. Synchrony submits that this Court is not the appropriate forum for such an adjudication. Plaintiff can point to no principles of judicial economy or comity that would support such an exercise of the Court's discretion. Additionally, it cannot be said that the adjudication of a state-law claim in state court would be inconvenient or unfair to Plaintiff. Therefore, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims.

## IV.   CONCLUSION

Reopening this matter for the sole purpose of issuing judgment on Plaintiff's foreclosed claims and adjudicating a single, state-law claim would be contrary to the interests of judicial economy. Accordingly, Synchrony respectfully requests that this Court **DENY** Plaintiff's Motion.

DATED:  February 7, 2022                    Respectfully submitted,

*/s/ Daniel Z. Herbst*
Daniel Z. Herbst (Bar No. 17510)
REED SMITH LLP
1301 K Street, N.W.
Suite 1000, East Tower
Washington, DC 20005
Tel. (202) 414-9200
Fax. (202) 414-9299
dherbst@reedsmith.com

*Attorneys for Defendant Synchrony Bank*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2022, a copy of the foregoing was filed electronically, using the ECF system, which will send notification of such filing to all parties of record. Plaintiff, who is proceeding *pro se*, has executed and filed a Consent by Self-Represented Litigant to Receive Notices of Electronic Filing (ECF No. 3).


*/s/ Daniel Z. Herbst*
Daniel Z. Herbst