UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REUBEN DRAKE,
    *Plaintiff*

vs                      Case No. 1:19-CV-02134-CCB

SYNCHRONY BANK,
    *Defendant*

                      TRIAL BY JURY DEMANDED

## PLAINTIFF'S RESPONSE TO SYNCHRONY BANK'S OBJECTION TO PLAINTIFF'S MOTION TO REOPEN

Plaintiff Reuben Drake respectfully submits his Response to Synchrony Bank's ("Defendant") Objection to his Motion to Reopen, filed on February 7, 2022 (ECF no. 27).

## BACKGROUND

On July 19, 2019, Plaintiff Reuben Drake filed a complaint against Defendant for violations of the Telephone Consumer Protection Act, Maryland Telephone Consumer Protection Act, and Maryland common law invasion of privacy (ECF no. 1). On October 17, 2019, Plaintiff's case was administratively closed pending the outcome of *Snow v. Gen. Elec. Co* (ECF no. 15). Then on August 18, 2020, Defendant filed a Motion to stay proceedings pending the outcome of *Facebook, Inc. v. Duguid* (ECF no. 21). This Court granted Defendant its Motion and the case was administratively closed (ECF no. 22). The issues in both the *Snow* and *Facebook* cases revolved around the interpretation of an ATDS. In April 2021, the U.S. Supreme Court

1

reached a decision that Defendant would like to have appear that it forecloses on Plaintiff's ability to prevail on his TCPA claims, however, Plaintiff original Complaint alleged other TCPA violations that lie outside of scope of the contentious ATDS interpretations. Because of Plaintiff's allegations, he is not limited in his ability to prevail on either his federal, state, or state tort claims.

## LEGAL ARGUMENT

In paragraph 13 and 14 of Plaintiff's Complaint, he alleges the use of prerecorded artificial voice messages by Defendant. In *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, the Supreme Court clearly stated,

> "The [TCPA] statute **separately** prohibits calls using "an artificial or prerecorded voice" to various types of phone lines, including home phones and cell phones, unless an exception applies. See 47 U.S.C. §§ 227(b)(1)(A) and (B). **Our decision does not affect that prohibition**" (Emphasis mine).

The Supreme Court has been consistent in its position that the use of ATDS and artificial or prerecorded voice messages are two separate issues. In *Mims v. Arrow Financial Services, LLC*, 565 US 368, they said

> "Subject to exceptions not pertinent here, the TCPA principally outlaws four practices. First, the Act makes it unlawful to use an automatic telephone dialing system **or an artificial or prerecorded voice message, without the prior express consent of the called party**, to call any emergency telephone line, hospital patient, pager, cellular telephone, or other service for which the receiver is charged for the call. See 47 U.S.C. § 227(b)(1)(A). Second, the TCPA forbids using artificial or prerecorded voice messages to call residential telephone lines without prior express consent. § 227(b)(1)(B). Third, the Act proscribes

sending unsolicited advertisements to fax machines. § 227(b)(1)(C). Fourth, it bans using automatic telephone dialing systems to engage two or more of a business' telephone lines simultaneously. § 227(b)(1)(D)" (Emphasis mine).

Similarly, in *Barr v. American Assn of Political Consultants*, 140 S. Ct. 2335, the Supreme Court said,

> "In enacting the TCPA, Congress found that banning robocalls was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." TCPA § 2, ¶12. To that end, the TCPA imposed various restrictions on the use of automated telephone equipment. § 3(a), 105 Stat. 2395. As relevant here, one restriction prohibited "**any call (other than a call made for emergency purposes or made with the prior express consent of the called party)** using any automatic telephone dialing system **or an artificial or prerecorded voice**" to "**any telephone number assigned to a paging service, *cellular telephone service*,** specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Id.,* at 2395-2396 (emphasis added). That provision is codified in § 227(b)(1)(A)(iii) of Title 47 of the U. S. Code" (Emphasis mine).

## **CONCLUSION**

It is therefore in the interest of justice that Plaintiff's case be reopened and that Defendant's request to DENY Plaintiff's Motion to Reopen be DENIED.

Respectfully submitted this 8th day of February 8, 2022

3

*Reuben Drake*

Reuben Drake
300 Northern Ave Apt 8D
Hagerstown, MD 21742
(240) 452-4005
radrake85@gmail.com

4

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by first class mail, postage prepaid on this 8th day of February, 2022 to:

Daniel Z. Herbst

1301 K Street, N.W.

Suite 1000, East Tower

Washington, DC 20005

*Reuben Drake*

Reuben Drake

300 Northern Ave Apt 8D

Hagerstown, MD 21742

(240) 452-4005

radrake85@gmail.com