UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **REUBEN DRAKE,**<br>*Plaintiff*<br><br>vs<br><br>**SYNCHRONY BANK**<br>**And DOES 1-10,**<br><br>*Defendants* | Case No. 1:19-CV-02134-CCB<br><br>**TRIAL BY JURY DEMANDED** |

## AMENDED COMPLAINT

Plaintiff, Reuben Drake, hereby sues Defendant, Synchrony Bank for violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 *et seq*, Maryland Consumer Debt Collection Act ("MCDCA") 14 § 2 *et seq* and Maryland Consumer Protection Act ("MCPA") 13 § 3 *et seq*

## PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227(b)(1), 47 U.S.C. § 227(A)(iii), and related Maryland Consumer Protection Acts.

2. Upon belief and information, Plaintiff contends that these practices are widespread for the Defendant. Plaintiff intends to propound discovery to Defendant identifying these other individuals who have suffered similar violations.

3. In 2012, Interactive Intelligence, Inc. published a guide called TCPA Compliance: Perspectives on Current Technology Options. It was noted that "[c]ompanies may

choose to be 'unknowledgable' of which phone numbers in their lists are for cell phones. It's a risky move…[b]ecause there are so many utilities in the market-place that can help an agency scrub for cell-phones…"[1]

4. Plaintiff contend that the Defendant, Synchrony Bank violated federal and state laws by repeatedly harassing Plaintiff in attempts to service an alleged account.

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises under 47 U.S.C. § 227(b)(3) and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper pursuant to 28 U.S.C. § 1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

7. All conditions precedent to the bringing of this action have been performed.

## PARTIES

8. Plaintiff, Reuben Drake, is a natural "person" as defined by 47 U.S.C. § 153(39) and is a resident of the State of Maryland.

9. Upon information and belief, Synchrony Bank (hereafter "Synchrony") is a financial services company located at 170 West Election Road Suite 125 Draper, Utah 84020. Synchrony is a "person" as defined by 47 U.S.C. § 153(39).

---

[1] www.insidearm/wp-content/uploads/20120917-TCPA-Compliance.pdf

10. Does 1-10 (the "Callers") are individuals employed by Synchrony and whose identities are currently unknown to the Plaintiff. One or more of the Callers may be joined as parties once their identities are disclosed through discovery.

11. Synchrony at all times acted by and through one or more of the Callers.

## FACTUAL ALLEGATIONS

12. Around the Spring of 2017, Plaintiff Reuben Drake purchased a family plan from Boost Mobile, which included the cellphone number (240) 520-6034.

13. On or about October 12, 2018, Synchrony Bank began violating the Telephone Consumer Protection Act (TCPA) by calling the Plaintiff's cell phone (240) 520-6034 using an automatic telephone dialing system and leaving an artificial voice and prerecorded message with no prior permission given by Plaintiff or anyone else.

14. The Defendant used a telephone system that has the capacity to store or produce telephone numbers to be called without human intervention, using a random or sequential number generator.

15. This is evidenced by (1) the frequency of the calls, (2) the persistence of the calls, (3) unnatural period of silence when the call was answered, (4) the prerecorded artificial voice messages that came from the calls.

16. Plaintiff received approximately 109 autodialed-calls from (844) 416-8051, which resulted in numerous prerecorded messages left by Synchrony Bank. (See Exhibit A).

17. One evening Plaintiff's sister-in-law Erien Frazier answered one of the autodialed calls from Synchrony Bank in which she had to say hello several times before she heard a click, which was followed by a live agent asking to speak to someone named Amanda Socks who isn't the current cellphone subscriber. Erien Frazier informed the caller that she didn't know anyone by the of name Amanda Socks.

18. All of the above makes plausible that the Defendant's calls utilized equipment that meets the definition of an "automatic dialing system" in making calls to Plaintiff.

19. In particular, dead air calls and unnatural periods of silence are indicative of a "predictive dialer," which is an automatic telephone dialing system under the statute.

20. The calls made to (240) 520-6034 were an invasion of privacy and not for an emergency purpose. They were made without consent given at any time, express or otherwise, by Plaintiff or Plaintiff's family.

21. Defendant's persistent autodialed calls eliminated the Plaintiff's right to be left alone.

22. Plaintiff has suffered actual injury as a result of Defendant's telephone calls, including, but not limited to, reduced device storage space, data usage, plan usage, tied up phone line, lost time tending to the unwanted telephone calls and responding to defendants' unlawful conduct.

23. Plaintiff and Plaintiff's family do not have an established business relationship with Defendant concerning an account associated with cellphone number (240) 520-6034 as defined by 47 U.S.C. § 227(a)(2)(A).

## COUNT 1

## VIOLATIONS OF THE TELEPHONE

## COMMUNICATIONS ACT 47 U.S.C. § 227

24. Plaintiffs fully allege and incorporate the information in paragraphs 1 through 23.

25. At all times mentioned herein and within the last four years, Defendant, Synchrony Bank, has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular service.

26. Upon information and belief, Defendant, Synchrony Bank, has committed 109 or more separate violations of 47 U.S.C. § 227 (b)(1)(A) and Plaintiffs are entitled to damages of up to $1500 per violation pursuant to 47 U.S.C. § 227 (b)(3)(B).

27. Defendant's repeated calls to Plaintiff's cellphone number (240) 520-6034 were inconvenient, intruding, and disturbing.

28. Plaintiff many times had to stop what he was doing to investigate who was calling.

29. Plaintiff was exasperated by the many calls and prerecorded voice mails in Plaintiff's voice mail box.

30. Plaintiff, nor any family member have ever given Synchrony Bank permission to call this cell phone.

**WHEREFORE,** Plaintiff demand judgment for damages against Synchrony Bank for actual or statutory damages, and punitive damages pursuant to 47 U.S.C. § 227 (G)(3)(B).

## COUNT II

## VIOLATIONS OF THE MARYLAND TELEPHONE

## CONSUMER PROTECTION ACT (MTCPA)

## §14-3201(2), §14-3202

31. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 30.

32. Defendant, Synchrony, has demonstrated willful or knowing non-compliance with Maryland Code § 14-3201(2), Maryland Code § 14-3202(a) by using an automatic telephone dialing system to call (240) 520-6034, which is assigned to a cellular service.

33. Defendant, Synchrony, has committed 109 or more separate violations of Maryland Code § 14-3201(2), Maryland Code § 14-3202(a) by calling the Plaintiff's cell phone without prior permission.

34. Plaintiff was disturbed, annoyed, and inconvenienced by the repeated calls and voicemails.

35. Defendant knew, or should have known, that it was calling a cellular telephone.

36. Defendant's calls were placed using an automatic telephone dialing system.

37. Defendant was reckless in using this dialing system.

38. Upon information and belief, these calls were all made in an effort to collect a debt from a third-party.

39. Plaintiff is entitled to damages of $500 per violation and treble damages pursuant to Maryland Code § 14-3202(b).

**WHEREFORE,** Plaintiff demand judgment for damages against Synchrony Bank for actual, statutory, punitive damages, and attorney's fees pursuant to Maryland Code § 14-3202b.

## COUNT III

### VIOLATION OF MARYLAND CONSUMER PROTECTION ACT

### § 13-301(14)(xx)

40. Plaintiff fully alleges and incorporates the information in paragraphs 1-39.

41. Defendant violated § 13-301(14)(xx) by engaging in unfair, abusive, or deceptive trade practices by repeatedly calling the Plaintiff's cellphone as if it had a business relationship with Plaintiff when it did not.

42. Plaintiff is entitled to actual damages pursuant to Maryland Code § 13-408(b).

WHEREFORE, Plaintiff demands judgment for damages and reasonable attorney's fees pursuant to Maryland Code § 13-408(b).

## COUNT IV

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

43. Plaintiffs fully alleges and incorporates the information in paragraphs 1 through 42.

44. The *Restatement of Torts, Second*, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private

affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

45. Maryland further recognizes the Plaintiff's right to privacy from continual harassment and Plaintiff's right to be free from invasion of privacy, thus Defendant violated Maryland state law.

46. Defendant intentionally intruded upon Plaintiffs right to privacy by continually harassing the Plaintiff with numerous calls for someone who was no longer a subscriber of the cellphone number (240) 520-6034.

47. The telephone calls made by the Defendant to the Plaintiffs were so persistent and repeated with such frequency as to be considered bombarding and an extreme nuisance to his existence, thus satisfying the *Restatement of Torts, Second* § 652(b) requirement for an invasion of privacy.

48. The conduct of the Defendant in engaging in the illegal calling activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

49. As a result of the intrusions and invasions, the Plaintiff are entitled to actual damages from the Defendant in an amount to be determined at trial.

**WHEREFORE**, the Plaintiff requests actual damages and any other relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Respectfully submitted this January 27, 2023

*Reuben Drake* (signature)

Reuben Drake

300 Northern Ave 8D

Hagerstown, MD 21742

(240) 665-8809

radrake85@gmail.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by first class mail, postage prepaid on this 27th day of January, 2023 to:

Daniel Zev Herbst

Reed Smith LLP

1301 K St NW Ste 1100 East Tower

Waashington, DC 20005

_(signature)_

Reuben Drake
300 Northern Ave Apt 8D
Hagerstown, MD 21742
(240) 665-8809
radrake85@gmail.com