UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| REUBEN DRAKE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:19-cv-02134-CCB |
| SYNCHRONY BANK. | * | |
| Defendant, | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
PARTIAL MOTION TO DISMISS**

AND NOW, comes Defendant Synchrony Bank ("Synchrony"), by and through its undersigned counsel, and files the within Memorandum in Support of its Partial Motion to Dismiss and states as follows.

## I.     INTRODUCTION

Reuben Drake has filed an Amended Complaint though which he alleges that Synchrony violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Maryland Telephone Consumer Protection Act, Md. Code Ann., Com. Law § 14-3201, *et seq.* ("MTCPA"), the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-301, *et seq.* and committed the Maryland common-law tort of invasion of privacy.[1] Plaintiff's claims stem from a series of telephone calls that Synchrony allegedly made to his cell number in an attempt to reach

---

[1] This is the second occasion upon which these claims have been brought before this Court; these claims had previously been asserted by a non-attorney, Erien Frazier, pursuant to a purported assignment of rights. *See Frazier v. Synchrony Bank*, Civil No. 1:19-cv-00473-CCB. On July 9, 2019, this Court granted Synchrony's Motion to Dismiss in *Frazier v. Synchrony Bank* based upon Frazier's lack of standing to bring the claims and lack of authority to represent others in regard thereto. *Id.*, ECF No. 18.

a stranger to him, 'Amanda Socks,' about Ms. Socks' Synchrony account (the "Socks Account"). *See* Am. Compl. 1, ¶¶ 13-17.

As set forth in greater detail, *infra*, to the extent they allege the use of an Automatic Telephone Dialing System ("ATDS"), Plaintiff's TCPA and MTCPA claims should be dismissed because Plaintiff has not and cannot establish that Synchrony used an ATDS as defined by the TCPA. For this reason, the ATDS-based portions of Counts I and II should be dismissed pursuant to Fed. R. Civ. P. 12(b). Additionally, because Plaintiff has not alleged that Synchrony's conduct caused a substantial burden to his existence or that Synchrony ever even intended to call Plaintiff, his intrusion upon seclusion claim fails as a matter of law and should also be dismissed with prejudice.

## II.   STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City Of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

When ruling on a motion under Fed. R. Civ. P. 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Fed. R. Civ. P. 12(b)(6)."

*Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (*quoting Bell Atlantic Corp.*, 550 U.S. at 570). While "notice pleading requires generosity in interpreting a plaintiff's complaint . . . generosity is not fantasy." *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 191 (4th Cir. 1998). In considering a motion to dismiss, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments" nor "the legal conclusions drawn from the facts." *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### III.   ARGUMENT

**A.   Plaintiff's ATDS-Based Claims Fail In Light of the Supreme Court's Ruling in Facebook v. Duguid**

Plaintiff's Complaint contains purported claims for violation of the TCPA and the MTCPA. To state a claim under the TCPA, a plaintiff must allege: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system ("ATDS") or a pre-recorded or artificial voice ("PRAV"); (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1). The TCPA defines an automatic telephone dialing system as equipment that "has the

capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

Plaintiff makes contradictory allegations that Synchrony both randomly or sequentially generated telephone numbers and made targeted calls to him to collect a debt from a third party. Compl., ¶¶ 14, 17, 38. To the extent Plaintiff premises his TCPA claims on the use of an autodialer, the recent Supreme Court ruling in *Facebook, Inc. v. Duguid* supports dismissal of these counts. 141 S. Ct. 1163 (2021). *Facebook* and its progeny hold that a platform which calls phone numbers from an established, non-random database of phone numbers, or specifically targets numbers in that non-random database, does not qualify as an ATDS under the TCPA. *Id*. District courts have relied on *Facebook* to hold that a device which calls a set of phone numbers from an established, non-random database of phone numbers, or specifically targets numbers in that non-random database, does not qualify as an ATDS under the TCPA. *See Pascal v. Concentra, Inc.*, No. 19-cv-02559, 2021 U.S. Dist. LEXIS 239583, 2021 WL 5906055, at *8 (N.D. Cal. Dec. 14, 2021); *Barry v. Ally Fin., Inc.*, No. 20-12378, 2021 U.S. Dist. LEXIS 129573, 2021 WL 2936636 (E.D. Mich. July 13, 2021); *Watts v. Emergency Twenty Four, Inc.*, No. 20-cv-1820, 2021 U.S. Dist. LEXIS 115053, 2021 WL 2529613, at *3 (N.D. Ill. June 21, 2021); *Samataro v. Keller Williams Realty*, 1:21-cv-76-RP, 1:20-cv-835-RP, 1:18-cv-775-RP (lead), 2021 U.S. Dist. LEXIS 207058, 2021 WL 4927422, at *4 (W.D. Tex. Sept 27, 2021) (cases cited).

Here, Plaintiff's allegations that Synchrony used an ATDS fail as a matter of law because the Complaint demonstrates that the phone number was not called randomly or via a sequential number generator. Compl. ¶¶ 17, 38. Instead, the calls were made to a specific number for the specific purpose of speaking with an individual whose account was delinquent. Plaintiff alleges that Synchrony called his cell number to speak to 'Amanda Socks' about the Socks Account.

n/a
n/a
n/a
n/a

Compl. ¶ 17.  Accordingly, it is obvious that Synchrony did not call using a random or sequential number generator because calls intended to reach the holder of the Socks Account about that account cannot plausibly be made using a random or sequential number generator; rather, they must have been made to a specific number associated with a specific account. It is illogical that Synchrony would dial randomly or use sequentially generated numbers with the hope of reaching one of its customers. For this reason, Plaintiff's TCPA claims based upon the use of an ATDS fail, and should be dismissed with prejudice.

      **B.**     <u>Plaintiff's Invasion of Privacy Claim Fails Because Synchrony's Alleged Conduct Could Not be Deemed "Highly Offensive" to a Normal Person</u>

Plaintiff attempts to raise a cause of action for Invasion of Privacy based on the number of calls Synchrony made to Plaintiff.  However, as discussed below, this claim fails because Synchrony's alleged conduct could not be deemed "highly offensive" to a normal person.

"Intrusion upon seclusion occurs where there is an 'intentional intrusion upon the solitude or seclusion of another or her private affairs or concerns that would be highly offensive to a reasonable person.'" *Furman v. Sheppard*, 130 Md. App. 67, 73, 744 A.2d 583, 585 (2000) (citing Restatement (Second) of Torts § 652B).  Importantly, "[i]ntent is required; the tort cannot be committed by unintended conduct amounting only to a lack of due care." *Gamble v. Fradkin & Weber, P.A.*, 846 F. Supp. 2d 377, 383 (D. Md. 2012) (citations omitted).  Case law has developed the tort of intrusion upon seclusion in the context of debt collection. "Courts have found creditors' actions reasonable when they constitute non-invasive attempts to collect a debt. . . . Only when such conduct becomes more persistent, deliberate, or vile do courts begin to consider it unreasonable." *Id.*  That is, "[i]t is only when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a **substantial**

**burden to his existence**, that his privacy is invaded." Restatement (Second) of Torts, § 652(B) cmt. D (emphasis added).[2]

Here, viewing the allegations in the light most favorable to Plaintiff, the Complaint fails to allege that Synchrony ever engaged in the conduct that would be considered highly offensive to the normal person, or conduct that caused "a substantial burden to [Plaintiff's] existence." Restatement (Second) of Torts, § 652(B) cmt. d. For example, there is no claim that Synchrony called Plaintiff during the middle of the night, or placed repeated phone calls that would have caused Plaintiff's phone to ring incessantly. And although Plaintiff does claim that Synchrony made over 100 calls and left messages on his voicemail, that is the sum total of Plaintiff's claim: that Synchrony made several calls which Plaintiff did not answer. *See* Compl. ¶ 16 (alleging that the calls "resulted in numerous prerecorded messages left by Synchrony); ¶ 17 (recounting only one time that a call was answered). There is no claim or evidence showing that Synchrony did anything to personally attack or insult Plaintiff beyond causing his phone to ring, and Plaintiff does not allege any facts to demonstrate that the contents of the calls were somehow highly offensive.

---

[2] Other courts have determined that call volume alone is insufficient to support an intrusion on seclusion cause of action. *See e.g. Sprogis v. Suntrust Bank*, No. 6:13-cv-365-Orl-37KRS, 2013 U.S. Dist. LEXIS 79713, at *5-6 (M.D. Fla. June 5, 2013) ("the Court cannot say that allegations of consistent phone calls, without more, are sufficiently outrageous to state an intrusion claim"); *Rush v. Portfolio Recovery Assocs. LLC*, 977 F. Supp. 2d 414, 434 (D.N.J. 2013) ("a debt collector merely calling persistently does not by itself demonstrate a substantial burden on the recipient"); *Oppenheim v. I.C. Sys., Inc.*, 695 F. Supp. 2d 1303, 1310 (M.D. Fla. 2010), aff'd, 627 F.3d 833 (11th Cir. 2010) (dismissing claim of invasion of privacy even when debt collector called Plaintiffs 35-40 times, up to six times per day, over a three month period because "those calls did not rise to the requisite level of outrageous and unacceptable conduct contemplated by the tort of invasion of privacy based on intrusion"); *Cunningham v. Professional Educ. Inst., Inc.*, No. 4:17-CV-894, 2018 U.S. Dist. LEXIS 215107, (E.D. Tex. Nov. 5, 2018), adopted by 2018 U.S. Dist. LEXIS 214168 (E.D. Tex. Dec. 20, 2018) (finding allegations of unwanted robocalls and invocation of 'right to be left alone' insufficient for pleading an intrusion on seclusion claim); *Burgess v. Portfolio Recovery Assocs., LLC*, No. CV 16-1463 DSF (FFMx), 2017 U.S. Dist. LEXIS 43536 (C.D. Cal. Mar. 23, 2017) (no triable issue of fact that the defendant's 30 debt collection phone calls over a period of 73 days were not highly offensive to a reasonable person because the 'mere number of phone calls by a debt collector cannot support a claim of intrusion on seclusion' -- instead, the content of the calls must be offensive). Thus, courts permit invasion of privacy claims based on telephone calls only where the allegations clearly demonstrate highly offensive, rather than merely annoying or upsetting, conduct.

Simply put, there are no allegations whatsoever to support the conclusion that Synchrony engaged in the type of highly offensive conduct required to sustain a cause of action for intrusion upon seclusion. Accordingly, this claim should be dismissed with prejudice.

In addition to the above, Plaintiff's Intrusion Upon Seclusion claim also fails because Plaintiff has not alleged facts to support the contention that Synchrony had the requisite intent to harass Plaintiff. Indeed, Plaintiff contends that the calls were made to a wrong number and that Synchrony thus intended to call someone else. Compl. ¶ 17. To succeed on am Intrusion on Seclusion claim, "[i]ntent is required; the tort cannot be committed by unintended conduct amounting only to a lack of due care." *Gamble*, 846 F. Supp. 2d at 383. At best, Plaintiff's Amended Complaint alleges that Synchrony's conduct was unintended. This is insufficient to establish an invasion of privacy, and this claim should be dismissed with prejudice.

### IV.   CONCLUSION

Based on the foregoing reasons, Synchrony respectfully requests that, to the extent they are based on the alleged use of an ATDS, Counts I and II be dismissed with prejudice. Synchrony further requests that Count IV be dismissed with prejudice.

DATED: March 8, 2023

Respectfully submitted,

*/s/ Daniel Z. Herbst*
Daniel Z. Herbst (Bar No. 17510)
REED SMITH LLP
1301 K Street, N.W.
Suite 1000, East Tower
Washington, DC 20005
Tel. (202) 414-9200
Fax. (202) 414-9299
dherbst@reedsmith.com

*Attorneys for Defendant Synchrony Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2023, a copy of the foregoing Memorandum in Support of Defendant's Partial Motion to Dismiss was filed electronically, using the ECF system, which will send notification of such filing to all parties of record. Plaintiff, who is proceeding *pro se*, has executed and filed a Consent by Self-Represented Litigant to Receive Notices of Electronic Filing (ECF No. 3).

*/s/ Daniel Z. Herbst*
Daniel Z. Herbst (Bar No. 17510)